UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re: Case No. 2:25-bk-02556-FMR
Chapter 11

Koombea Inc.,

Debtor.
_________________________________/

**OBJECTION TO CLAIM NO. 2 OF JOYNUP, INC.**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602 and mail a copy to the moving party at Michael R. Dal Lago, Esq., Dal Lago Law, 999 Vanderbilt Beach Rd., Suite 200, Naples, Florida 34108 within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Koombea Inc. (the "Debtor") files this Objection to Claim No. 2 of Joynup, Inc. ("Objection") and states:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Middle District of Florida ("Court") has jurisdiction over the above-captioned case (this "Case") pursuant to 28 U.S.C. § 1334.

2. The Court's Fort Myers Division is the proper venue, and appropriate place to hold court, for this Case pursuant to Local Rule 1071-1(c) and 28 U.S.C. §§ 89(b), 151, 1408(1), and 1409.

3. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

4. The grounds for relief requested include section 502(a) of title 11 of the United States Code (title 11 being the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1.

5. An order confirming the Debtor's Plan of Reorganization Under Chapter 11, Subchapter V, Dated March 23, 2026 (Doc. No. 110) ("Plan") under Bankruptcy Code section 1191(a) is pending. Section 5.01 of the Plan authorizes the Debtor to file this Objection, and Section 8.08 provides for the Court's retention of jurisdiction to carry out the Plan's terms; each of the foregoing sections is expected to remain effective under the order confirming the Plan. *See* Plan, at §§ 5.01, 8.08.

## **RELEVANT BACKGROUND**

6. On or around December 30, 2020, the Debtor and Joynup, Inc. (the "Claimant") entered the Agreement filed with Claim No. 2 (the "Joynup Claim") as its Part 4. *See generally* Joynup Claim, Pt. 4.

7. Joynup was founded by Debra B. Vernon ("Ms. Vernon"). Ms. Vernon had previously served as the Debtor's primary outside legal representative. The form of the Agreement was prepared by Ms. Vernon, not in her capacity as owner and officer of Joynup, but as the Debtor's primary outside legal representative.

8. Section 5 of the Agreement states:

> Koombea hereby warrants to Company that it will perform all services in a professional and workmanlike manner. The sole remedy for breach of the foregoing warranty is for Koombea to re-perform the applicable services. Warranty claims must be made within thirty (30) days of the date on which the services at issue were performed.

*Id.*, Pt. 4 at § 5.

9. Joynup requested sizeable changes to the scope of work set forth in the Agreement. One resulted in a new "Statement of Work," entered with the Debtor as part of the Agreement. Other sizeable changes were not recorded, and did not involve any claims under Section 5 of the Agreement. Additionally, Joynup requested small changes from time to time, which the Debtor promptly made at no cost to Joynup.

10. Section 7.10 of the Agreement states:

> **7.10 Attorney's Fees**. In any court action at law or equity which is brought to enforce or interpret the provisions of this Agreement, Koombea will be entitled to its reasonable attorney's fees, in addition to any other relief to which it may be entitled.

*Id*. at § 7.10.

11. Section 7.12 of the Agreement states:

> **7.12 LIMITATION OF REMEDIES AND DAMAGES**. THE LIABILITY OF KOOMBEA ARISING HEREUNDER WILL BE LIMITED TO FEES PAID BY COMPANY HEREUNDER. KOOMBEA SHALL NOT BE LIABLE FOR ANY CONSEQUENTIAL, INCIDENTAL, OR INDIRECT DAMAGES, INCLUDING WITHOUT LIMITATION DAMAGES FOR LOSS OF BUSINESS PROFITS AND/OR BUSINESS INTERRUPTION, WHETHER FORESEEABLE OR NOT, AND WHETHER ARISING IN CONTRACT, TORT, OR NEGLIGENCE, EVEN IF A REPRESENTATIVE OF KOOMBEA HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THESE LIMITATIONS SHALL APPLY NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY.

*Id*. at § 7.12.

12. On December 8, 2025, Joynup filed a cross-complaint in *Joynup*, *Inc*. v. *Koombea Inc*. *and Jonathan Tarud*, Case No. CGC-25-623361 (the "Litigation") in the Superior Court of California, County of San Francisco. *See generally id*., Pt. 3.

13. The Litigation does not allege that Joynup timely availed itself of Section 5 of the Agreement. *Id*.

14. On December 22, 2025, (the "Petition Date") the Debtor commenced this Case.

15. On January 10, 2026, the Claimant filed the Joynup Claim, which is an unsecured claim totaling $54,000,000.000, based on projections of lost profits and estimated reputational harm. Pursuant to Local Rule 3007-1, and notwithstanding anything which may be interpreted to the contrary, the Debtor concedes no debt to the Claimant.

16. As Part 3 of the Joynup Claim notes, "Koombea billed Joynup $304,495, and claims that Joynup owes it $98,937.50." *Id*., Pt. 3, at ¶26. $50,000.00 of what Joynup claims to have "paid" Koombea was issuance of the right to purchase equity security interests in Joynup at a discounted rate.

17. The Debtor continues to manage its property and operate its business pursuant to Bankruptcy Code section 1184. No creditors' or equity security holders' committees have been appointed in this Case.

**RELIEF REQUESTED**

18. The Debtor respectfully requests the Court enter an order: (i) sustaining this Objection; (ii) disallowing the Joynup Claim in its entirety as a legally unenforceable debt; (iii) awarding the Debtor its reasonable attorney's fees for enforcing the Agreement; and (iv) granting the Debtor any other relief the Court deems appropriate.

**BASES FOR RELIEF REQUESTED**

19. The Court should sustain this Objection because the Purported Claim is not an enforceable obligation of the Debtor within the meaning of 11 U.S.C. § 502(b)(1).

20. A claim filed under Bankruptcy Code section 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If a party in interest objects to a claim, the court shall provide notice and a hearing on such objection, and disallow the subject claim to the extent the claim is unenforceable against the debtor or its property "under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

21. Here, the Claimant owes the Debtor money, and the Debtor owes the Claimant nothing. The Joynup Claim is barred by Section 5 of the Agreement because the Claimant knew, should have known, and failed to timely assert any warranty claims underlying the Joynup Claim. Assuming—merely *arguendo*—some vestige of liability remains, the Joynup Claim is otherwise almost entirely barred by Section 7.12 of the Agreement. The Debtor completed all of its work in a timely and workmanlike manner, and delays complained of by the Claimant are entirely its own fault.

22. The Claimant's arguments are attenuated and not supported by any credible evidence, and appear to be a thinly-veiled attempt to avoid paying what it owes to the Debtor, including the attorney's fees the Debtor is entitled to receive in enforcing the Agreement. Accordingly, the Court should sustain this Objection.

23. None of the foregoing is intended to serve, nor should be interpreted as, a waiver of the right to bring any causes of action against Joynup or Ms. Vernon individually.

WHEREFORE, the Debtor respectfully requests the Court enter an order: (i) sustaining this Objection; (ii) disallowing the Joynup Claim in its entirety as a legally unenforceable debt; (iii) awarding the Debtor its reasonable attorney's fees for enforcing the Agreement; and (iv) granting the Debtor any other relief the Court deems appropriate.

**Dated**: May 20, 2025

Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: *<u>/s/ Christian Garrett Haman</u>*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com

*Counsel for Koombea Inc.,*
*Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I CERTIFY on May 22, 2026 that a true and correct copy of the foregoing shall be served: (i) by the Court's CM/ECF Noticing system upon entry to all parties registered for service in this Case, including **United States Trustee – FTM**, 501 E. Polk Street, Suite 1200, Tampa, Florida 33602, and **Amy Denton Mayer, Subchapter V Trustee**, 101 E. Kennedy Blvd., Suite 1165, Tampa, Florida 33602; as well as (ii) by First Class U.S. Mail to **Joynup, Inc**., **c/o Debra B. Vernon**, Spencer Fane LLP, 225 W Santa Clara St., Ste 1500, San Jose, California 95113; and **Joynup, Inc**., **c/o Debra B**. **Vernon**, 2603 Camino Ramon, Suite 200, San Ramon, California 94583.

By: *<u>Christian Garrett Haman</u>*
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079